UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**SHURAY DEWAYNE WELLS**                       **CIVIL ACTION NO. 23-0643**

**VS.**                                                                    **SECTION P**

                                                                           **JUDGE S. MAURICE HICKS, JR.**

**STATE OF LOUISIANA, ET AL.**              **MAG. JUDGE KAYLA D. MCCLUSKY**

### REPORT AND RECOMMENDATION

Plaintiff Shuray DeWayne Wells, a prisoner at Tensas Parish Detention Center proceeding pro se and in forma pauperis, filed this proceeding on approximately May 12, 2023, under 42 U.S.C. § 1983. He names the State of Louisiana and Officer Phillip as defendants.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

"Around the first of December 2021[,]" Plaintiff bought a radio from the commissary at Bayou Dorcheat Correctional Center. [doc. #s 1, p. 3; 10, p. 1]. He claims that when he told Officer Phillip that the radio did not work, Phillip "invited [him] into the control key," hit him, cursed him, and, when he was "on the way out [of] the key," pushed him face first into steel bars, stunning him and "jamming" his wrist. *Id.* "During the incident [Plaintiff] got a scar above [his] wrist from the push into the gate." [doc. # 10, p. 1]. He also has post-traumatic stress disorder and "bad anxiety towards police" because of "this incident." *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

Plaintiff "reported the event the same week." [doc. # 10]. Officials responded to Plaintiff's "ARP"[2] and letter, but Plaintiff "was too afraid to meet with them" because he "wanted to finish the year long sex offender program and leave to avoid more ill-treatment." *Id.*

Plaintiff "saw the nurse" and reported Phillip. [doc. # 1, p. 3]. Phillip "quit the job the next day." *Id.*

Plaintiff seeks $15,000.00. [doc. # 1, p. 4].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3]  *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the

---

[2] By "ARP," Plaintiff presumably refers to an administrative remedy procedure grievance.

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

2

unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.  *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.*  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely.  *Twombly, supra.*

In making this determination, the court must assume that all the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  However, the same presumption does not extend to legal conclusions.  *Iqbal, supra.*  A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id.*  "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).  Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A.*

3

*(Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. The State of Louisiana**

Plaintiff names the State of Louisiana as a defendant. [doc. # 1, p. 1]. Liability under 42 U.S.C. § 1983 only applies to "person[s]" who deprive others of rights secured by the Constitution. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, the Court should dismiss Plaintiff's claims against the State of Louisiana.

**3. Statute of Limitations**

Plaintiff alleges that he ordered the radio "[a]round the first of December 2021" and that he reported Officer Phillip "the same week." [doc. # 10, p. 1]. Thus, Plaintiff suggests that Phillip utilized excessive force in early December 2021. Officials responded to Plaintiff's "ARP" and letter "a few days later." *Id.* Plaintiff suggests, however, that he chose not to meet with officials because he "was too afraid" and wanted to "avoid more ill-treatment." *Id.*

4

District courts are authorized to dismiss claims as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period sua sponte. *See Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for Section 1983 actions is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1984). Thus, Louisiana's one-year personal injury statute of limitations, under LA. CIV. CODE art 3492, applies here. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

However, the date of accrual for a Section 1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516 (*quoting Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981)). In other words, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Brockman v. Texas Dep't of Crim. Just.*, 397 F. App'x 18, 22 (5th Cir. 2010).

Here, Plaintiff's excessive force claim against Phillip accrued in December 2021. Plainly, Plaintiff knew or had reason to know of the alleged excessive force the day it occurred.[4]

---

[4] *See Morrill v. City of Denton, Texas*, 693 F. App'x 304, 307 (5th Cir. 2017) (holding that the constitutional injury was complete on the day the alleged excessive force took place); *Armstrong v. Serpas*, 670 F. App'x 851, 852 (5th Cir. 2016).

Plaintiff had one year from that date, or until December 2022, to file his claim. As Plaintiff did not file this proceeding until, at the earliest, May 10, 2023,[5] the statute of limitations bars the claim.[6]

The limitations period is subject to state tolling and equitable tolling in certain circumstances. "[E]quitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (*citing Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428 (1965)). The plaintiff bears the burden of establishing that equitable tolling applies. *Rotella v. Pederson*, 144 F.3d 892 (5th Cir. 1998); *see also Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002) ("We have found that equitable tolling may be appropriate when 'the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'") (*quoting Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)). Tolling can apply where "extraordinary circumstance[s] prevent[]" a plaintiff from filing suit. *Richards v. Gonzales*, 2022 WL 3226621, at *1 (5th Cir. Aug. 10, 2022).

Here, Plaintiff does not argue that his claims were tolled. That said, he does write, "Fear of more ill treatment made me wait until I finished the Sex Offender Program and leave the jail before taking actions." [doc. # 1, p. 3]. Plaintiff does not specify the "actions" he waited to take before he finished the Sex Offender Program. Even construing his statement liberally and

---

[5] Plaintiff signed his initial pleading on May 10, 2023. [doc. # 1, p. 4].

[6] In his initial pleading, Plaintiff writes without context, "January 2022." [doc. # 1, p. 3]. Plaintiff, however, does not explain the significance of this date. That said, even assuming the alleged excessive force occurred in January 2022, and that Plaintiff's deadline to file here was January 2023, Plaintiff's claim would still be untimely because he filed this proceeding at the earliest on May 10, 2023.

6

inferring that he is suggesting that he delayed filing this proceeding because he feared retaliation, he does not plausibly establish equitable tolling. *See Hillman v. Jenkins*, 844 F. App'x 750 (5th Cir. 2021) ("We are unpersuaded by his timeliness arguments based on . . . equitable tolling based on his alleged . . . fear of retaliation."); *Gibbs v. Ward*, 232 F.3d 209 (5th Cir. 2000) ("Gibbs alleges that it was not until he left Louisiana, when he no longer feared for his life, that he brought this claim. Gibbs's argument is conclusional and unsupported. Moreover, Gibbs does not allege when he left Louisiana. Gibbs also does not provide any authority for his position that the statute of limitations should have been tolled.").

"Courts 'do not apply the doctrine of equitable tolling based solely on a plaintiff's subjective impressions [].' Rather, courts 'examine whether the defendant's conduct, innocent or not, reasonably induced the plaintiff not to file suit within the limitations period.' A defendant's affirmative acts must mislead the plaintiff before a court may apply the doctrine of equitable tolling." *Mark v. Spears*, 2023 WL 5316554, at *3 (5th Cir. Aug. 17, 2023) (internal quotation marks and quoted sources omitted). Conclusory allegations will not establish equitable tolling. *Id.*

Here, Plaintiff conclusorily suggests that the Court should toll the statute of limitations based solely on his subjective impressions of what another would have done if he filed a lawsuit earlier. He does not allege that any person's affirmative conduct reasonably induced him to forego filing suit within the limitations period.[7]

Accordingly, the Court should dismiss Plaintiff's excessive force claim.

---

[7] If Plaintiff contends that his claims were tolled for any other reason, he may present his contention in an objection to this Report and Recommendation.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Shuray DeWayne Wells's claims be **DISMISSED** as untimely, frivolous, and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 12th day of September, 2023.

Kayla Dye McClusky
United States Magistrate Judge